UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HERRING,

        Plaintiff,

vs.

        Case No. 05-CV-73556

        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND (# 2)

Plaintiff Charles Herring moves to remand this lawsuit to Michigan's Washtenaw County Circuit Court. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff filed a complaint in state court on August 9, 2005 alleging he was involved in an August 19, 1995 motorcycle/motor vehicle accident in Oakland County, incurring reasonable and necessary expenses as provided for under the Michigan No-Fault Act ("MNFA"), M.C.L. § 500.3101, et seq. Plaintiff seeks from defendant State Farm no fault medical benefits including attendant care benefits, outstanding medical expenses, interest and attorney fees.

Defendant removed the lawsuit to federal court on September 16, 2005 based on federal diversity jurisdiction under 28 U.S.C. § 1332, alleging that plaintiff is a citizen of Texas, that defendant is a citizen of Illinois as an Illinois corporation with its principal

place of business in Bloomington, Illinois, and that, upon information and belief, "Plaintiff seeks damages to the present, and a declaration of entitlement to damages for the future in an amount greater than $75,000.00." Notice of Removal, ¶2, at 1.

Plaintiffs filed the instant motion to remand on October 11, 2005 arguing defendant State Farm is a citizen of plaintiff's home State of Texas by operation of 28 U.S.C. § 1332(c)(1):

> (c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, <u>except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen</u>, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

(emphasis added). Plaintiff relies on <u>Ford Motor Co. v. Insurance Co. of North America</u>, 669 F.2d 421 (6th Cir. 1982) to support his position that defendant is a fellow citizen of Texas by operation of § 1332(c)(1), thus precluding federal diversity jurisdiction. Plaintiff also argues remand is required because the defendant cannot meet its burden of demonstrating the plaintiff's claim exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a) considering by his Answer to Requests to Admit, the current amount of damages claimed is only $30,096.00.

I.  "Direct Action" Under § 1332(c)(1)

The <u>Ford</u> case involved a third-party claim for MNFA benefits alleged against the non-party tortfeasor's insurer. <u>Ford</u>, 699 F.2d at 422. Since that case was decided, the Sixth Circuit decided <u>Lee-Lipstreu v. Chubb Group of Ins. Co.</u>, 329 F.3d 898 (6th Cir.

2003), holding that the "direct action" provision of § 1332(c)(1) did not apply where husband and wife plaintiffs sued the wife's employer's insurer under Ohio law, which permits an employee to sue their employer's insurance carrier to recover underinsured motorist benefits.  Thus, the Lee-Lipstreu decision provides additional Sixth Circuit authority beyond Ford regarding the scope of the "direct action" provision of § 1332(c)(1) with regard to first-party insurance benefits, as distinguished from third-party benefits.  The Sixth Circuit clearly rejects applying the "direct action" provision of § 1332(c)(1) to a "dispute solely between an insured and [their] own insurance company," the very circumstance now before this court.  Id. at 900.

This court recently joined with other district courts within the Eastern District of Michigan in holding that, pursuant to Lee-Lipstreu, an insured's first-party claims against a non-diverse insurer for benefits owing under an MNFA insurance policy are not subject to remand by operation of the "direct action" provision of § 1332(c)(1).  Galdi v. Encompass Insurance Co., No. 05-CV-72607 (E.D. Mich. Oct. 3, 2005) (J. Steeh), Davis v. State Farm Automobile Ins. Co., 382 F.Supp.2d 957, 959 (E.D. Mich. Aug. 18, 2005) (J. Cohn); Scott v. State Farm Mutual Automobile Ins. Co., 04-72255, 2 (E.D. Mich. Aug. 18, 2004) (unpublished) (J. Tarnow).  Accordingly, plaintiff's motion to remand premised on the "direct action" provision of § 1332(c)(1) will be denied.  See Lee-Lipstreu, 329 F.3d at 899-890, Galdi, No. 05-CV-72607 at 7.

## II.  $75,000.00 Jurisdictional Requirement

Defendant State Farm has the burden of proving by a preponderance of the evidence that plaintiff's claims will "more likely than not" exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a).  Gafford v. General Electric Co., 997

F.2d 150, 155 (6th Cir. 1993). Plaintiff's complaint alleges entitlement to MNFA benefits as the result of injuries he suffered in the August 12, 1995 motorcycle/motor vehicle accident. Under the MNFA, personal protection insurance benefits are payable for "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." M.C.L. § 500.3107(1)(a).

In this case, plaintiff has claimed he is owed $30,096.00 for attendant care benefits just for the time period of August 9, 2004 through September 30, 2005. The plaintiff also alleges that the need for these benefits, as well as other benefits, are continuing without any specific termination point. Additionally, plaintiff's declaratory claim for all future damages will likely cause the total damages to exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a). Gafford, 997 F.2d at 155.

For the reasons set forth above, plaintiff's motion to remand is hereby DENIED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 16, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk